```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
KEITH FUSE,
                                                  :
                    Petitioner,                          **MEMORANDUM AND ORDER**
                                                  :
        -against-                                        04 Civ. 7986 (LBS)
                                                  :
UNITED STATES OF AMERICA,

                    Respondent.          :
------------------------------------------------------x
```

SAND, District Judge.

Petitioner Keith Fuse brings this habeas corpus application pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and an unconstitutional sentence. For the reasons set forth below, the petition is denied.

**I. Background**

On February 18, 2003, petitioner was indicted on one count of bank fraud in violation of 18 U.S.C. § 1344. The indictment charged that between August 13, 2001 and January 10, 2002, petitioner fraudulently represented himself as another individual, used that adopted identity to create a corporation and open a corporate bank account, and deposited into that account a series of stolen checks totaling approximately $84,000. Petitioner pled guilty to the indictment on May 21, 2003 without a plea agreement.

In a Pre-Sentence Investigation Report based on the November 1, 2002 edition of the United States Sentencing Guidelines (U.S.S.G. or Guidelines), the Probation Department calculated petitioner's offense level. The Probation Department determined that, pursuant to U.S.S.G. § 2B1.1(a), the base offense level was 6. Because the loss amount was more than $70,000 but less than $120,000, the base offense level was increased by 8

levels, per U.S.S.G. § 2B1.1(b)(1)(E). Because the offense involved sophisticated means, the offense level was increased by 2 additional levels, per U.S.S.G. § 2B1.1(b)(8). Because the offense involved the unauthorized use of identification unlawfully to obtain other means of identification, the offense level was increased by 2 final levels, pursuant to U.S.S.G. § 2B1.1(b)(9)(C)(i). These enhancements produced a total offense level of 18. Upon the entry of his timely guilty plea, petitioner became entitled to a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, thus resulting in an ultimate offense level of 15.

The Probation Department further concluded that petitioner had 19 criminal history points, placing him in Criminal History Category VI. Consequently, petitioner was subject to a Guidelines range of 41 to 51 months. On October 22, 2003, this Court adopted the guideline application in the Pre-Sentence Investigation Report and sentenced petitioner to 46 months' imprisonment. Petitioner did not appeal his conviction or sentence.

On October 8, 2004, petitioner filed for habeas corpus relief pursuant to 28 U.S.C. § 2255 on the grounds that (1) his counsel was ineffective for failing to object to the version of the Sentencing Guidelines used by the Probation Department and adopted by the Court; and (2) his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004).

**II. Discussion**

A. Ineffective Assistance of Counsel

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant seeking to attack his sentence based on ineffective assistance of counsel must (1) show that counsel's

performance "fell below an objective standard of reasonableness", and (2) "affirmatively prove prejudice", that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-89, 693-94.

Here, petitioner argues that his trial counsel was ineffective for failing to object to the Court's adoption of the guideline application in the Pre-Sentence Investigation Report, which was based on the November 1, 2002 version of the United States Sentencing Guidelines.[1] More specifically, petitioner claims that his sentence should have been calculated according to the November 1, 2000 edition of the Guidelines, which did not include certain enhancements that were applied to his case and thus would have resulted in a lesser sentence.[2]

In fact, however, petitioner was not entitled to have his sentence computed per the November 1, 2000 Guidelines. Section 1B1.11 of the Guidelines, which has been in effect since at least the 2000 version, directs the court to "use the Guidelines Manual in effect on the date that the defendant is sentenced" unless the use of that manual would violate the Constitution's ex post facto clause. See U.S.S.G. § 1B1.11(a), (b)(1) (2000). Application Note 2 to § 1B1.11(b)(1) provides that "[u]nder subsection (b)(1), the last date of the offense of conviction is the controlling date for ex post facto purposes." See U.S.S.G. § 1B1.11, cmt. n.2 (2000). The Application Note goes on to explain that the

---

[1] Petitioner incorrectly states that the November 1, 2003 version of the Guidelines was applied to his case. The Pre-Sentence Investigation Report indicates that the November 1, 2002 Guidelines was used in determining the sentencing range.

[2] Petitioner claims that § 2F1.1 of the November 1, 2000 Guidelines, which covered offenses involving fraud or deceit, provided for a 6-level, rather than an 8-level, enhancement for losses between $70,000 and $120,000, and did not contain a 2-level enhancement for the unauthorized use of any means of identification unlawfully to obtain other means of identification. Petitioner is correct only as to the former contention. The 2-level enhancement for the latter existed in both the November 1, 2000 and November 1, 2002 versions of the Guidelines. See U.S.S.G. § 2F1.1(b)(5)(C)(i) (2000) and § 2B1.1(b)(9)(C)(i) (2002).

controlling date is the last date of the offense conduct charged in the indictment. See U.S.S.G. § 1B1.11, cmt. n.2 (2000).

In this case, the indictment charged that petitioner's offense conduct occurred between August 13, 2001 and January 10, 2002. As January 10, 2002 is the controlling date for ex post facto purposes, the 2000 Guidelines are inapplicable to petitioner's case and therefore petitioner's counsel was not ineffective for failing to insist on their use.

The November 1, 2001 Guidelines were in effect at the conclusion of petitioner's offense conduct, and thus if they had been more favorable to petitioner than the November 1, 2002 Guidelines in effect at his sentencing, the ex post facto clause would have required their use. See, e.g., U.S. v. Broderson, 67 F.3d 452, 456 (2d Cir. 1995) ("where application of the Guidelines in effect at sentencing would result in a more severe sentence than the version in effect at the time of the commission of the offense, the *Ex Post Facto* Clause . . . requires use of the earlier version of the Guidelines."). However, the November 1, 2001 Guidelines contained the identical version of § 2B1.1, the provision governing fraud, as the November 1, 2002 Guidelines applied by the Court. Therefore, the Court used the correct version of the Guidelines to calculate petitioner's sentence, and his lawyer had no grounds to object. Because petitioner's counsel was not deficient for failing to object to the version of the Sentencing Guidelines used to calculate petitioner's sentence, petitioner's ineffectiveness claim is denied.

B. Unconstitutional Sentence

Secondly, petitioner claims that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), because his sentence was determined in part based on

judicial findings by a preponderance of the evidence. Although petitioner cites Blakely, his challenge to his sentence is clearly a claim governed by United States v. Booker, 125 S. Ct. 738 (2005), which applied Blakely to the United States Sentencing Guidelines. See Booker, 125 S. Ct. at 746.

The Court of Appeals for the Second Circuit held in Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), that Booker "does not apply to cases on collateral review", such as § 2255 petitions, "where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Id. at 141. Because petitioner's conviction became final on November 5, 2003,[3] Guzman is dispositive and petitioner's second claim is denied.[4]

**III. Conclusion**

For the above reasons, petitioner's habeas corpus application is denied. Because petitioner has not "made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.

SO ORDERED.

Dated: New York, New York
September 7, 2005

_____
U.S.D.J

---

[3] See Moshier v. United States, 402 F.3d 116 (2d Cir. 2005) (holding that for purposes of § 2255 motions, an unappealed criminal judgment becomes final when the time for filing a direct appeal expires). Per Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a defendant must file a notice of appeal within 10 days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i), 26(a).

[4] It should be noted that petitioner's conviction was final before even Blakely was issued, and the logic of Guzman and Schriro v. Summerlin, 542 U.S. 348 (2004), cited in Guzman, 404 F.3d at 141-43, indicates that Blakely, like Booker, is not retroactively applicable to cases on collateral review. See also United States v. Price, 400 F.3d 844 (10th Cir. 2005).